IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD LAVELLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-181-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Ronald Lavelle requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

### Claimant's Background

The claimant was born January 4, 1952 and was fifty-seven years old at the time of the administrative hearing (Tr. 28). He completed his GED and attended truck driving school (Tr. 140-41), and has worked as an industrial cleaner, sewing machine operator, field mechanical meter tester, and tractor-trailer truck driver (Tr. 46-47). The claimant alleges he has been unable to work since February 25, 2004 due to his heart condition, hypertension, GURD, hypolairy, and his prostate. (Tr. 134).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 on December 22, 2005. His application was denied. ALJ Glenn A. Neel conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 16, 2009. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform a full range of light work, *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently, and sit/stand/walk six hours in an eight-hour workday (Tr. 11). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as a sewing machine operator (Tr. 17).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly consider all of his impairments at steps two and three, *i. e.*, hearing loss, depression, and pain in the left hip, knees, shoulder and leg; (ii) by failing to consider effects of his mental and physical impairments on his ability to perform past work; and (iii) by failing to properly evaluate his credibility. In support of his second and third contentions, the claimant argues that the ALJ failed to properly analyze evidence of his mental impairment of depression. The Court agrees, and the decision of the Commissioner must therefore be reversed.

The medical evidence regarding the claimant's depression is limited. An agency physician reviewing the claimant's medical records noted on February 3, 2006 that his activities of daily living "indicate he is depressed, if this has not been addressed, please do so." (Tr. 386). The VA screened the claimant for depression, but found he only had zero or one indicators for depression; a positive depression screen requires more than three indicators (Tr. 457, 489, 581, 613, 717, 777). The claimant's wife reported to his VA physician that he had marked problems with agitation and frustration, and that he had developed a "short fuse." (Tr. 841). At the administrative hearing, the claimant testified that he received medication for depression and anxiety (Tr. 166, 174, 364, 369, 386).

"Where there is evidence of a mental impairment that allegedly prevents a claimant from working, the [ALJ] must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services*, 985

F.2d 1045, 1048 (10th Cir. 1993).  To apply the special "psychological review technique" (PRT), the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), and then determine the degree of function the claimant has lost as a result of the impairment by assessing his level of functioning in four specific areas.  *See Cruse*, 49 F.3d at 617.  The four areas are:  (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(d)(2).  Furthermore, the ALJ must specifically document his PRT findings.  *See Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) ("[T]here must be competent evidence in the record to support the conclusions recorded on the [PRT] form and the ALJ must discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form."), *quoting Woody v. Secretary of Health and Human Services*, 859 F.2d 1156, 1159 (3d Cir. 1988).  *See also* 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4) ("At the administrative law judge hearing [level], the written decision must incorporate the pertinent findings and conclusions based on the technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)"); *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (although not required to prepare the PRT form, the ALJ is "to document application of the technique in the decision."), *quoting* 20 C.F.R. §§ 1520(a)(e), 416.920(e).

As discussed above, there was evidence in this case (albeit weak) that the claimant suffered from a mental impairment, *i. e.*, depression.  The ALJ was therefore required to

determine his degree of functioning in the above-discussed broad areas and to document his findings.  But the ALJ did not even mention the claimant's depression at step two, let alone evaluate it for severity.  Such error at step two would not necessarily be reversible, because the ALJ found the claimant had other severe impairments, *i.. e.*, coronary artery disease, hypertension, heart-related problems and degenerative joint disease of the spine, and was therefore required to consider any limiting effects of the claimant's depression (even if non-severe) and account for them in formulating his RFC at step four.  *See, e. g., Carpenter*, 537 F.3d at 1266 ("'At step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two].' Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004), *quoting* 20 C.F.R. § 404.1523.  *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [quotations omitted] [emphasis in original].  But the error *is* reversible here, because the ALJ never mentioned the claimant's depression or analyzed

its limiting effects in formulating his RFC at step four.  *See Grotendorst v. Astrue*, 370 Fed. Appx. 879, 884 (10th Cir. 2010) ("[O]nce the ALJ decided, without properly applying the special technique, that Ms. Gtotendorst's mental impairments were not severe, she gave those impairments no further consideration. This was reversible error.").

The ALJ failed to apply the PRT analysis to the claimant's depression at step two and subsequently failed to consider whether that mental impairment required limitations in formulating his RFC at step four.  Consequently, the decision of the Commissioner must be reversed and the case remanded for a proper PRT analysis by the ALJ.  If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 22nd day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma